IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK WHISKEY, LLC, | § § | |
| *Plaintiff,* | § § | SA-19-CV-00136-JKP |
| vs. | § § | |
| BREWERY ON HALF MOON BAY, INC., | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [#56], which was referred to the undersigned for disposition on December 10, 2019 [#58]. By its motion, Plaintiff asks the Court to allow it to conduct jurisdictional discovery and to stay Defendant's motion to dismiss for lack of personal jurisdiction until Plaintiff has had an opportunity to review the discovery and submit a supplemental response to the motion.

The record reflects that, following a hearing, the undersigned issued a report and recommendation on Defendant's motion to dismiss, recommending Defendant's motion be granted [#50]. Although Plaintiff requested jurisdictional discovery in its response to Defendant's motion, Plaintiff did not file a formal motion for such discovery prior to or following the Court's hearing. In its objections to the undersigned's report, however, Plaintiff asked the Court to grant it jurisdictional discovery on the basis that Defendant made material misrepresentations to the Court regarding Defendant's activities in Texas and as to other relevant issues [#53]. Based on these representations, the District Court issued an order allowing

1

Plaintiff to file the motion for discovery currently before the Court [#55], which the District Court referred to the undersigned.

In the course of making necessary findings of jurisdictional fact, the Court has broad discretion to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). To support a request for jurisdictional discovery, however, Plaintiff must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "A preliminary showing does not require proof that personal jurisdiction exists, but 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) (quoting *Fielding*, 415 F.3d at 429). "In other words, Plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction." *Id.* (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

Plaintiff's motion for jurisdictional discovery argues that jurisdictional discovery should be granted because Defendant has not provided a sworn affidavit refuting Plaintiff's allegations that Defendant has "lured Texas consumers to Defendant's websites using terms related to Texas and Texas beaches and surfing" or that Defendant has sold its Mavericks products in Texas prior to 2018 through its distributor (even if it does not currently do so). Plaintiff maintains that it expects to uncover through jurisdictional discovery that Defendant purposefully directed its

activities in Texas through its internet presence and that Defendant sold its Mavericks products in Texas at some point during the relevant time period through its distributor Southern Glazers.

As a preliminary matter, the Court notes that nowhere in Plaintiff's motion for jurisdictional discovery does Plaintiff direct the Court to a material misrepresentation by Defendant regarding its contacts with Texas, despite Plaintiff's suggestion in its objections that Defendant had made such misrepresentations. Plaintiff's Complaint alleges that Defendant "sells and markets its products nationwide, including in Texas," and that defendant "sells and markets its products to Texas residents." (Compl. [#1] at ¶¶ 19, 20.) The Declaration of Craig Carroll, Chief Executive Officer of Defendant, which was submitted to the Court with Defendant's motion to dismiss, affirmatively refutes these allegations by stating that "Defendant does not have a distributor in the State of Texas"; "does not have a nationwide distribution program that includes distribution in Texas"; "does not sell the Mavericks products in stores or restaurants located in the State of Texas"; and "nor are the Mavericks products available for sale to Texas residents through defendant's website." (Carroll Decl. [#25] at ¶¶ 6, 7.) Plaintiff suggests Mr. Carroll's affidavit is an attempt to mislead the Court because it is stated in the present tense and does not address whether Defendant sold products in Texas in the past. The Court does not infer any nefarious intent from the omission. Instead, it appears that Mr. Carroll's affidavit directly responds to (and refutes) the allegations contained in Plaintiff's Complaint, which are also stated in present tense, and which do not include the allegation that Defendant distributed its products in Texas in the past and has since ceased to do so. Although Plaintiff is suggesting Mr. Carroll was untruthful in his declaration, Plaintiff has offered no evidence to support this assertion.

Nonetheless, Plaintiff has identified with specificity the jurisdictional discovery it seeks, and the questions regarding Defendant's past contacts (if any) with Texas remain unanswered.

3

*See Fielding*, 415 F.3d at 429. This information could demonstrate the requisite minimum contacts with the State of Texas. However, the proposed discovery is extensive and burdensome. The undersigned will therefore grant in part Plaintiff's motion in order to assist the District Court in ruling on Defendant's motion to dismiss and orders the following limited discovery.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [#56] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to conduct the following limited discovery:

- Plaintiff may serve up to **ten interrogatories** on Defendant regarding Defendant's alleged contacts with Texas. Plaintiff is admonished that an interrogatory with multiple subparts shall be counted separately toward with the ten-interrogatory limit consistent with Rule 33(a) of the Federal Rules of Civil Procedure.

- Plaintiff may serve up to **25 requests for admission** on Defendant regarding Defendant's alleged contacts with Texas.

**IT IS FURTHER ORDERED** that Plaintiff supplement its objections to the undersigned's report and recommendation within **14 days** of receipt of the requested discovery.

**IT IS FINALLY ORDERED** that in all other respects the Motion [#56] is **DENIED**.

SIGNED this 9th day of January, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE