IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK WHISKEY, LLC, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00136-JKP |
| vs. | § § § | |
| BREWERY ON HALF MOON BAY, INC., | § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel Discovery and Determine Sufficiency of Answers to Requests for Admission [#67], which was referred to the undersigned on March 27, 2020. Plaintiff's motion asks the Court to compel Defendant to more fully respond to certain discovery served by Plaintiff to ascertain Defendant's contacts with the State of Texas for purposes of establishing personal jurisdiction over Defendant. For the reasons that follow, the Court will deny the motion.

A brief procedural history of this case is warranted to provide context for the motion. Plaintiff, a Texas-based company, filed this action against Defendant, a California-based company, seeking a declaratory judgment regarding Plaintiff's right to use the trademark "Maverick" and an injunction directing the United States Patent and Trademark Office to cancel Defendant's trademark registration. Defendant moved to dismiss for lack of personal jurisdiction, and the undersigned issued a report and recommendation on November 12, 2019 [#50], recommending the Court grant the motion on the basis that Plaintiff had failed to establish a *prima facie* case of personal jurisdiction over Defendant. The undersigned also concluded that the theoretical jurisdictional discovery Plaintiff referenced in its response to Defendant's motion

1

would not establish purposeful contacts with Texas under the governing law on specific personal jurisdiction.

After the undersigned issued its report and recommendation but before the District Court ruled on the report, Plaintiff filed a formal motion for jurisdictional discovery. The motion asked the Court to allow Plaintiff to conduct jurisdictional discovery and to stay Defendant's motion to dismiss so Plaintiff could submit a supplemental response to the motion. The District Court referred the motion to the undersigned, and the undersigned granted the motion in part, permitting Plaintiff to serve up to ten interrogatories and 25 requests for admission.

Plaintiff then filed the motion to compel that is currently before the Court, arguing that Defendant should be required to more fully respond to Plaintiff's jurisdictional discovery. After the motion was filed, the District Court reviewed the undersigned's report and recommendation and agreed with the undersigned's conclusion that Plaintiff did not properly serve Defendant with process and that Plaintiff has not established a prima facie case of personal jurisdiction over Defendant. The District Court granted the motion to dismiss as recommended [#70]. In the same order, however, the District Court indicated it would stay entry of final judgment until Plaintiff's motion to compel was resolved and implied that it would allow Plaintiff to provide additional jurisdictional facts if successful in obtaining new information through discovery. The District Court then referred the motion to compel to the undersigned.

Following the referral, the Court ordered each party to file an advisory informing the Court which issues remain outstanding in light of the District Court's order granting Defendant's motion to dismiss or whether the dispute is now moot due to the District Court's granting of the motion to dismiss. Plaintiff filed an advisory as ordered [#73], to which Defendant responded [#74] and Plaintiff replied [#75]. Plaintiff's advisory did not, as ordered, explain why the

District Court's order did not moot the motion to compel.  Instead, Plaintiff merely reiterated all of its substantive arguments made in support of the motion.  Defendant's response indicates its position that by adopting the undersigned's report and recommendation in full and granting Defendant's motion to dismiss, the District Court has agreed with the undersigned's previous determination that Plaintiff has failed to establish Defendant's purposeful contacts with the state of Texas and that the information sought by Plaintiff would not establish such contacts.  Plaintiff's reply explains its view that the discovery dispute is not moot because the District Court specifically stayed entry of final judgment to allow Plaintiff to potentially discovery additional jurisdictional facts.

The undersigned has reviewed the parties' discovery dispute and will deny the motion on its merits.  Through its interrogatories and requests for admission, Plaintiff continues to seek information from Defendant regarding agreements between Defendant and its distributor, Southern Wine & Spirits, to distribute Mavericks wine and beer in Texas, which could establish specific personal jurisdiction over Defendant.  Plaintiff believes Defendant's answers and objections to the discovery were evasive and incomplete and should be treated as a failure to respond under Rule 37(a)(4).  The undersigned disagrees.

The Declaration of Craig Carroll, Chief Executive Officer of Defendant, which was submitted to the Court with Defendant's motion to dismiss, affirmatively refutes Plaintiff's allegation that Defendant has a nationwide distribution agreement for its Mavericks beer and wine to be distributed to the State of Texas.  The declaration states that "Defendant does not have a distributor in the State of Texas"; "does not have a nationwide distribution program that includes distribution in Texas"; "does not sell the Mavericks products in stores or restaurants located in the State of Texas"; and "nor are the Mavericks products available for sale to Texas

residents through defendant's website." (Carroll Decl. [#25] at ¶¶ 6, 7.)  In Plaintiff's motion for jurisdictional discovery, Plaintiff asked the Court to allow more discovery on the purported distribution agreement because Carroll's declaration spoke only to the present and did not address any previous distribution agreement that could have been in place during the time period relevant to this litigation.  Defendant responded to all of the interrogatories and requests for admission related to the alleged distribution agreement in a manner consistent with Carroll's declaration, denying that Texas was at any time included as part of a nationwide distribution agreement for beer sold under the Mavericks mark.

Plaintiff's motion to compel and advisory in support of its motion to compel expend significant energy focusing on Defendant's general objections to Plaintiff's definition of Mavericks mark to mean any mark other than Defendant's registered trademarks for Mavericks wine and beer, as these are the only registered trademarks at issue in the case.  The Court need not entertain Plaintiff's challenge to Defendant's general objections, as Defendant provided answers to all of Plaintiff's interrogatories and requests for admission regarding the alleged distribution agreement "without waiving said objection."  Overruling the objection would be futile because Defendant's answer remains the same—there has never been a distribution agreement for beer sold under the Mavericks mark and Mavericks beer has never been sold outside of California.  These responses are consistent with Carroll's declaration.  Plaintiff has not identified any basis for compelling Defendant to provide more complete answers to discovery pertaining to the alleged distribution agreement or convinced the Court that any additional information would sufficiently establish specific personal jurisdiction over Defendant.

The same can be said as to the other primary category of discovery sought by Plaintiff in its requests for admission and interrogatories—information pertaining to Defendant's internet

presence and activities directed at customers in Texas. Again, Defendant may have lodged general objections with which Plaintiff takes issue, but Defendant gave answers to all of Plaintiff's jurisdictional discovery without waiving the objections. Defendant's responses indicate that analytics from Defendant's websites for its brewery, bars, and restaurants where its beer and wine are sold reveal a very small percentage of visitors to Defendant's website come from Texas (1.27%) and that Defendant does not use any internet techniques that are intended to target or focus on internet users in Texas.

Finally, the Court is not persuaded that requiring Defendant to answer Plaintiff's discovery with respect to the Mavericks Event Center and the Inn at Mavericks would alter the personal jurisdiction analysis. As previously explained in the undersigned's report and recommendation, even if the Court were to consider these related entities, it would still conclude that Defendant's interactive websites for inn and event reservations are insufficient to demonstrate personal jurisdiction. The Court already concluded in its order adopting the undersigned's report and recommendation that Plaintiff has not established this Court's general jurisdiction over Defendant; thus, the Court's inquiry is focused on the specific activities of Defendant targeting Texas pertaining to the allegedly infringing beer and wine products underlying this litigation. Plaintiff has not convinced the Court that discovery related to these entities' websites would alter the specific personal jurisdiction analysis just because, for example, these locations might sell the allegedly infringing beverages.

In summary, Plaintiff has not established that an order overruling Defendant's objections and compelling additional responses to Plaintiff's requests for admission and interrogatories would result in the discovery of additional facts that would alter the Court's conclusion that there is no personal jurisdiction over Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery and Determine Sufficiency of Answers to Requests for Admission [#67] is **DENIED**.

SIGNED this 6th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE