IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK WHISKEY, LLC, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00136-JKP |
| vs. | § § § | |
| BREWERY ON HALF MOON BAY, INC., | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Reconsideration of the Court's May 6, 2020 Order [#77], which was referred to the undersigned for disposition on May 15, 2020. Plaintiff's motion asks the Court to reconsider its order denying Plaintiff's motion to compel, dated May 6, 2020 [#76]. The Court will deny the motion.

The Court's previous order denying Plaintiff's motion to compel contains the relevant procedural history of this case, which will not be repeated in full here. For purposes of Plaintiff's motion, it is sufficient to state that the parties dispute whether the Court has personal jurisdiction over Defendant. The Court permitted Plaintiff to serve limited jurisdictional discovery on Defendant. Plaintiff was not satisfied with Defendant's responses and filed a motion to compel in an attempt to require Defendant to provide supplementary responses to the discovery. The Court denied the motion to compel, holding that Plaintiff had not established that an order overruling Defendant's objections and compelling additional responses to Plaintiff's requests for admission and interrogatories would result in the discovery of additional facts that would alter the Court's conclusion that there is no personal jurisdiction over Defendant. Plaintiff now asks the Court to reconsider its ruling on the motion to compel.

1

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b). Otherwise, the motion falls under Rule 60. Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Plaintiff filed its motion less than 28 days after the issuance of the challenged order, the motion is governed by Rule 59(e).

Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Court may only grant a motion for reconsideration under Rule 59(e) under the following narrow circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Plaintiff's motion neither presents the Court with intervening law nor new evidence; Plaintiff must therefore identify either clear error in the Court's previous order or manifest injustice caused by the order.

Plaintiff raises two arguments in its motion for reconsideration. The first concerns Plaintiff's desire for more discovery regarding sales through the Inn at Mavericks and Mavericks House websites. The Court's previous order concluded that requiring Defendant to answer

Plaintiff's discovery with respect to the Mavericks Event Center and the Inn at Mavericks would not alter the personal jurisdiction analysis nor affect the Court's conclusion that Plaintiff had not established specific personal jurisdiction. Plaintiff's motion for reconsideration does not demonstrate this conclusion was clear error or caused a manifest injustice. Plaintiff contends that it is "common sense" that most of the bookings for the Inn at Mavericks and Mavericks House are made online or by telephone and "likely by some Texas residents" and that, during booking, individuals can order Mavericks wine (one of the allegedly infringing products at issue in this case) to be available in their room upon arrival. The Court is not persuaded that the ability of a Texas resident to reserve a room at the Inn at Mavericks and order delivery of wine to that room for purchase upon arrival to that room would be sufficient to confer specific personal jurisdiction over Defendant. "[A] website that is accessible nationwide (rather than targeted to the forum state) and that allows a patron to make reservations for or to obtain information about services that are not provided or paid for until the patron travels to a location outside the forum state, does not support general personal jurisdiction in the forum state." *Glazier Grp., Inc. v. Mandalay Corp.*, No. CIV.A. H-06-2752, 2007 WL 2021762, at *10 (S.D. Tex. July 11, 2007).

Second, Plaintiff argues that the Court should have granted Plaintiff's request for more information regarding Defendant's relationship with Southern Glazer's Wine & Spirits, LLC, its beverage distributor. Plaintiff has not demonstrated that the Court committed clear error or manifest injustice when it denied this request. Again, the declaration of Defendant's CEO states that Defendant does not distribute or sell its beer products in Texas. (Carroll Decl. [#25] at ¶¶ 1–7.) This declaration is sworn under penalty of perjury. Despite this sworn testimony, Plaintiff contends the Court should have permitted more discovery on the relationship between Defendant and Southern Glazer's because, according to Plaintiff, Southern Glazer's is headquartered in

Dallas, Texas, and all suppliers must go through the New Products division at this location to become approved vendors and register alcoholic products.  Plaintiff argues contacts like these related to the distributor relationship between Defendant and Southern Glazer's would likely confer personal jurisdiction over Defendant in Texas.  Again, Plaintiff has not identified clear error by the Court.  In this case, Plaintiff has only pleaded *specific* personal jurisdiction over Defendant, not general jurisdiction, meaning only those contacts directed to the State of Texas that are related to the allegedly infringing products at issue in this suit are relevant to the personal jurisdiction analysis.  Defendant has uncontroverted sworn testimony that it does not distribute the infringing products in Texas through Southern Glazer's or any other distributor.  Even if the additional discovery Plaintiff sought established that Defendant distributes these products in *other* states and that the distribution process involves approval by a Southern Glazer's department located in Texas, that would not constitute evidence of purposeful conduct of Defendant aimed at Texas sufficient to establish specific personal jurisdiction.  *See Walden v. Fiore*, 571 U.S. 277, 284–85 (2014) ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him," and that connection must be "substantial.").

     Nor would Plaintiff be entitled to reconsideration under Rule 60(b).  Rule 60(b) provides for relief under the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment.  *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 670 (5th Cir. 1986).  A

party seeking reconsideration bears the burden of demonstrating that exceptional circumstances warrant relief. *See Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000). Plaintiff has not identified any of these specified bases for reconsideration of the Court's previous order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the Court's May 6, 2020 Order [#77] is **DENIED**.

SIGNED this 23rd day of June, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE